PETTIGREW, J.
|2In this workers’ compensation dispute, the claimant, Edward Dyson, appeals a judgment of the Office of Workers’ Compensation (“OWC”) dismissing his disputed claim for compensation with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 18, 2003, Mr. Dyson was injured in the course and scope of his employment with Express Personnel Services, Inc. (“Express Personnel”) while unloading his work truck at a dock location at a Target Department Store. According to the record, Mr. Dyson began receiving workers’ compensation benefits following the accident. Mr. Dyson ultimately settled his workers’ compensation claim with Express Personnel for the full sum of $15,606.81 by Order of Approval dated May 31, 2006. Mr. Dyson acknowledged receipt of the settlement funds and executed a Release of All Claims against Express Personnel on May 18, 2006. At the time of the workers’ compensation settlement, Mr. Dyson also had a pending third-party claim against Target Corporation of Amer-ica for damages sustained in the accident. Mr. Dyson was represented by counsel, Mr. Emmett Boudreaux, at all pertinent times hereto.
Thereafter, on May 3, 2007, Mr. Dyson filed a disputed claim for compensation against Express Personnel and Mr. Bou-dreaux, alleging that he did not agree with the prior settlement agreement. In response, Express Personnel filed an answer and an exception raising the objection of res judicata, arguing that the claim should be dismissed as Mr. Dyson had already received judgment in his favor as a result of the prior settlement and that the judgment arises out of the same transaction or occurrence that is the subject matter of the disputed claim for compensation. See *1088 La. R.S. 13:4281. Mr. Boudreaux also answered Mr. Dyson’s claim and further asserted an exception raising the objection of no cause of action, based on the fact that there was no employer-employee relationship between them.
The matter proceeded to hearing on December 14, 2007, at which time the OWC hearing officer sustained both exceptions and dismissed Mr. Dyson’s disputed claim for compensation, with prejudice, as to both Express Personnel and Mr. Bou-dreaux. A [¡^judgment in accordance with these findings was signed by the hearing officer on January 8, 2008.[1] This appeal by Mr. Dyson followed.
DISCUSSION
On appeal, Mr, Dyson assigns three specifications of error for our review. In his first assignment of error, Mr. Dyson addresses Mr. Boudreaux’s representation of him during the settlement negotiations. These claims involve what amounts to alleged legal malpractice, claims that were not before the OWC hearing officer. La. Const, art. V, § 16(A). Thus, we preter-mit consideration of same.
In his second assignment of error, Mr. Dyson argues the OWC hearing officer erred in failing to act on his request for preliminary default. See La. R.S. 28:1316. According to the record herein, Mr. Dyson filed his request on August 31, 2007, one day after Express Personnel filed its answer on August 30, 2007. Thus, the OWC correctly denied the request for preliminary default, noting on the form that an answer had been filed.
In Mr. Dyson’s final assignment of error, he asserts the OWC hearing officer erred by not calling him to court to “seek his understanding” regarding his medical condition as it related to his need for medical benefits. Mr. Dyson was represented by counsel at all times pertinent hereto and verified under oath that he fully understood the terms of the compromise settlement and release of all claims for indemnity and medical benefits associated with his work-related accident. We find no merit to Mr. Dyson’s argument concerning this issue on appeal.
CONCLUSION
For the above and foregoing reasons, we affirm the January 8, 2008 judgment of the OWC hearing officer and assess all costs associated with this appeal against claimant, Edward Dyson.
AFFIRMED.

. We note that the judgment indicates that the matter came for hearing on Boudreaux’s "Exception of No Cause of Action/No Right of Action” and orders that “the Exception of No Right of Action/No Cause of Action is granted.” As Mr. Boudreaux asserted only a no cause of action exception below, we believe this to be a typographical error on the part of the OWC hearing officer.